## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **AUTUMN LAURENCE** | §<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO.** 5:19-CV-00021 |
| **V.** | §<br>§ | **JURY TRIAL REQUESTED** |
| **MICHAEL NELSON'S**<br>**BODYWORKS, INC., D/B/A**<br>**BODYWORKS** | §<br>§<br>§ | |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT
_____

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Autumn Laurence, Plaintiff, and files this her Original Petition, complaining of Michael Nelson's Bodyworks, Inc., doing business as Bodyworks.  For cause of action, Plaintiff would show this Honorable Court as follows:

### A.
### PARTIES AND SERVICE

1.    Plaintiff is Autumn Laurence, an individual residing in Travis County, Texas.

2.    Defendant is Michael Nelson's Bodyworks, Inc., a Texas Corporation, which may be served with process by service on its attorney, Robert N. Nebb,

*Laurence v. Bodyworks* - *Page 1 of 10*
**Plaintiff's Original Complaint**

who has agreed to accept service on Defendant's behalf, at the Law Office of Michael Carper, located at 1102 Main Street, Lubbock, Texas 79401.

3.     Defendant is doing business in Lubbock under the trade name "Bodyworks."

**B.**
**JURISDICITON AND VENUE**

4.     This Court has personal jurisdiction over Defendant because it is a Texas Corporation doing business in the State of Texas and all events giving rise to this claim occurred in the State of Texas.

5.     This Court has subject matter jurisdiction over Plaintiff's claims on the following bases:

a.     ***Federal question*** – The Court has original jurisdiction over Plaintiff's federal employment discrimination and retaliation claims brought under Title 42 of the US Code, Section 2000e, et seq., 28 U.S.C. § 1331; and

b.     ***Supplemental jurisdiction*** – The Court has supplemental jurisdiction over Plaintiff's state law employment discrimination and retaliation claims, which claims are so related to Plaintiff's federal employment discrimination claims that they form part of the same case or controversy, 28 U.S.C. § 1367(a).

6.     Venue is proper in the Lubbock Division of the Northern District of Texas because it is the judicial district in which all defendants reside or is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 USC § 1391(b)(1)-(2).

## C.
## BACKGROUND FACTS

7.     Defendant operates multiple gymnasiums and fitness centers in Lubbock, Texas.

8.     On or about June 1, 2017, Defendant hired Plaintiff as a sales manager at the gym located at 5402 4th Street, in Lubbock, Texas.

9.     Plaintiff compensation included a base salary of $2,000 per month, plus sales commissions.  As a sales manager, Plaintiff had the privilege of meeting with walk-in customers whishing to place membership, which resulted in sales commissions.

10.     The General Manager at Plaintiff's gym was Rhonda Basford.  Rhonda Basford was Plaintiff's immediate supervisor, and had the right to control the manner and means of Plaintiff's work.

11.     Rhonda Basford made multiple romantic advances toward Plaintiff, including requests for a date.  (Rhonda Basford is homosexual; Plaintiff is not.)  Plaintiff had no romantic interest in Rhonda Basford, something Plaintiff made clear to Rhonda Basford, as politely as possible.

12.    Plaintiff rebuffed Rhonda Basford's romantic advances, but they continued.

13.    Thereafter, on or about August 4, 2017, Rhonda Basford pulled her pants down in front of Plaintiff, exposing her vagina to Plaintiff.

14.    On or about August 7, 2017, Rhonda Basford again pulled her pants down in front of Plaintiff, exposing her vagina to Plaintiff.

15.    On or about August 18, 2017, Rhonda Basford again pulled her pants down in front of Plaintiff, exposing her vagina to Plaintiff.

16.    Each of these indecent exposures was done without notice and reason and was very shocking and upsetting to Plaintiff.

17.    Plaintiff attempted to distance herself from Rhonda Basford, to the extent possible.  Rhonda retaliated against Plaintiff for rebuffing her actions and advances, including by:

a.    Becoming hostile and irate and screaming at Plaintiff;

b.    "Taking" Plaintiff's walk-in customers, preventing Plaintiff from obtaining sales commissions; and

c.    Sabotaging Plaintiff's paperwork by removing necessary information, thus preventing Plaintiff from obtaining sales commissions.

18.    Plaintiff reported the incidents of sexual harassment and retaliation to Pat Rose, Defendant's CFO and the individual in the company to whom reports of sexual harassment were to be reported.  Pat Rose responded by sending

*Laurence v. Bodyworks* - *Page 4 of 10*
**Plaintiff's Original Complaint**

Plaintiff home for the day and scheduling a meeting with Plaintiff on a later date.

19.    On or about September 1, 2017, Pat Rose, Defendant's CFO demoted Plaintiff from sales manager to a manager in training—which position did not include the aforementioned walk-in privilege—and moved Plaintiff to another gym location, at 5105 82nd Street, in Lubbock, Texas.   This demotion dramatically reduced Plaintiff's compensation structure, specifically with regard to sales commissions.   The loss of the privilege to greet and sign-up walk-ins eliminated Plaintiff's sales commissions.

**D.**
**COUNT 1 – HOSTILE WORK ENVIRONMENT**
**<u>EMPLOYMENT DISCRIMINATION</u>**

20.    In addition to all other causes of action asserted herein, Plaintiff brings this claim for unlawful employment discrimination, prohibited under Chapter 21 of Title 42 of the United States Code and Chapter 21 of the Texas Labor Code.   This action is brought under both federal and Texas anti-discrimination statutes.

21.    Plaintiff belongs to a protected group.

22.    Plaintiff was subjected to unwelcome sexual harassment because of her sex.

23.    Rhonda Basford's conduct created a hostile or abusive work environment, in that the workplace was permeated with abuse of Plaintiff

sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment. Multiple instances of indecent exposure by Rhonda Basford greatly affected Plaintiff's ability to do her job and concentrate on the work at hand. Rhonda Basford's conduct was frequent, severe, and unreasonably interfered with Plaintiff's work performance.

24.    The harassment complained of affected a term, condition, or privilege of employment.

25.    Defendant knew or should have known of the harassment and failed to take remedial action.

26.    Defendants acts or omissions caused Plaintiff injury.

### E.
### COUNT 2 – QUID PRO QUO
### EMPLOYMENT DISCRIMINATION

27.    In addition to all other causes of action asserted herein, Plaintiff brings this claim for unlawful employment discrimination, prohibited under Chapter 21 of Title 42 of the United States Code and Chapter 21 of the Texas Labor Code. This action is brought under both federal and Texas anti-discrimination statutes.

28.    Rhonda Basford, Plaintiff's supervisor, because of sex, subjected Plaintiff to unwelcome conduct that affected a tangible aspect of the employment relationship.

29.     Following Plaintiff's rejection of Rhonda Basford's offers for a date and Plaintiff's negative reaction to Rhonda Basford's indecent exposures, Rhonda Basford retaliated against Plaintiff, including by:

  a.     "Taking" Plaintiff's walk-in customers, preventing Plaintiff from obtaining sales commissions; and

  b.     Sabotaging Plaintiff's paperwork by removing necessary information, thus preventing Plaintiff from obtaining sales commissions.

30.     Defendant is vicariously liable for such discrimination because the agency relationship between Rhonda Bosford and Defendant aided Rhonda Bosford in committing the discriminatory act.

31.     Defendants acts or omissions caused Plaintiff injury.

### F.
### COUNT 3 - RETALIATION

32.     In addition to all other causes of action asserted herein, Plaintiff brings this claim for retaliation, prohibited under Chapter 21 of Title 42 of the United States Code and Chapter 21 of the Texas Labor Code.  This action is brought under both federal and Texas anti-retaliation statutes.

33.     Plaintiff had a good-faith, reasonable belief that her employer engaged in a discriminatory practice that was prohibited by the law.

34.     Plaintiff opposed said discriminatory practice.

35.     An adverse employment action occurred, including by:

a.     Demoting Plaintiff (from sales manager to sales manager in training); and

b.     Eliminating Plaintiff's privilege to meet and sign-up walk-in customers and, thus, her sales commissions.

36.    The adverse employment action occurred because of Plaintiff's opposition of the discriminatory practice.

37.    Defendants acts or omissions caused Plaintiff injury.

## G.
## DAMAGES

38.    Plaintiff seeks monetary damages from Defendant of $500,000 for:

a.     Mental anguish damages;

b.     Lost wages and back pay;

c.     Interest on back pay;

d.     Punitive damages;

e.     Pre-judgment interest; and

f.     Post judgment interest.

## H.
## ATTORNEY'S FEES AND COURT COSTS

39.    Plaintiff retained the legal services of Ware & Garcia, PLLC, whose attorneys are licensed to practice law in the State of Texas to prosecute this claim.

*Laurence v. Bodyworks* - *Page 8 of 10*
**Plaintiff's Original Complaint**

40. Plaintiff seeks the recovery of attorney's fees and court costs from Defendant.

## I.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## AND SATISFACTION OF CONDITIONS PRECEDENT

41. Prior to the filing of this judicial action, and within 180 days after the alleged unlawful employment practice occurred, Plaintiff filed a timely complaint of employment discrimination and retaliation with the United States Equal Employment Opportunity Commission, which commission has since issued a "notice of right to sue" letter, not more than ninety days before this action was commenced.

42. All conditions precedent have been performed or have occurred, including the filing of a charge of discrimination and the issuance of a right to sue letter.

## J.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and that the Court enter a judgment for Plaintiff awarding the relief requested herein, including compensatory and punitive damages, court costs, attorney's fees, and pre-judgment and post judgment interest.

*Laurence v. Bodyworks* - *Page 9 of 10*
**Plaintiff's Original Complaint**

Plaintiff prays for such other relief to which she may be entitled under law or equity.

Respectfully submitted,
WARE & GARCIA, PLLC

*Benjamin P. Garcia*

Travis S. Ware
SBN: 20864500
Benjamin P. Garcia
SBN: 24073120
Crystal A. Link
SBN: 24098349
1915 Broadway
Lubbock, Texas 79401
(v) (806) 763-5044
(f) (806) 763-7536
office@waregarcialaw.com
COUNSEL FOR PLAINTIFF